Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:     516.741.4977
Facsimile:     516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATHEW GIBSON,<br><br>     Plaintiff,<br><br>  vs.<br><br>PROGRESSIVE CARE, INC., CHARLES M. FERNANDEZ, RODNEY BARRETO, PEDRO RODRIGUEZ, JERVIS HOUGH, JOSEPH ZIEGLER, ANTHONY ARMAS, and ELIZABETH ALCAINE,<br><br>     Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14(a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Mathew Gibson ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

## <u>SUMMARY OF THE ACTION</u>

1. Plaintiff brings this stockholder action against Progressive Care, Inc. ("Progressive Care" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants," and together with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of

Defendants' efforts to merge the Company with NextPlat Corp ("Parent") through merger vehicle Progressive Care LLC, a direct wholly owned subsidiary of Parent, ("Merger Sub," and together with Parent, "NextPlat"), as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all-stock merger transaction (the "Proposed Transaction").

2.      The terms of the Proposed Transaction were memorialized in an April 17, 2024, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the transaction, Progressive shareholders will receive newly issued, registered shares of NextPlat's Common Stock. The exchange ratio of NextPlat shares to be issued in the business combination, not subject to adjustment, was calculated based upon a value per share of Common Stock of Progressive at $2.20. As a result, NextPlat stockholders will retain ownership of approximately 73.6% of NextPlat common stock and Progressive Care stockholders will own approximately 26.4% of NextPlat common stock.

3.      On June 20, 2024, the Company and NextPlat caused to be filed with the SEC a Form S-4 attaching a Registration Statement ("Registration Statement").

4.      The Registration Statement is materially deficient, depriving Plaintiff of the information necessary to make an intelligent, informed, and rational decision of whether to vote in favor of the Proposed Transaction, and is thus, in violation of the Exchange Act.  As detailed below, the Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Progressive Care and NextPlat, provided by Progressive Care management to the Special Committee of the Progressive Care Board (the "Special Committee") and the Special Committee's financial advisor Steen Valuation Group

- 2 -

("Steen"); and (c) the data and inputs underlying the fair value assessment that purport to support the Valuation Report created by Steen and provided to the Company and the Special Committee.

5.      Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff. This action seeks to enjoin the Proposed Transaction.

## PARTIES

6.      Plaintiff is a citizen of Oregon, and at all times relevant hereto, has been a Progressive stockholder.

7.      Defendant Progressive Care operates as a healthcare services and technology company in south Florida. Progressive Care is incorporated in Delaware and has its principal place of business at 400 Ansin Boulevard, Suite A, Hallandale Beach, FL 33009. Shares of Progressive Care common stock trade on the OTC Markets ("OTC") under the symbol "RXMD."

8.      Defendant Charles M. Fernandez ("Fernandez") has been the Chairman of the Company Board at all relevant times.  Defendant Fernandez also serves as the Company's Chief Executive Officer ("CEO"). In addition, Defendant Fernandez serves as the Chairman of the NextPlat Board of Directors, and NextPlat's CEO.

9.      Defendant Rodney Barreto ("Barreto") has been a director of the Company at all relevant times. In addition, Defendant Barreto is also a member of NextPlat's Board of Directors.

10.      Defendant Pedro Rodriguez ("Rodriguez") has been a director of the Company at all relevant times.

11.      Defendant Jervis Hough ("Hough") has been a director of the Company at all relevant times.

12.      Defendant Joseph Ziegler ("Ziegler") has been a director of the Company at all relevant times.

13.    Defendant Anthony Armas ("Armas") has been a director of the Company at all relevant times.

14.    Defendant Elizabeth Alcaine ("Alcaine") has been a director of the Company at all relevant times.

15.    Defendants identified in ¶¶ 8 - 14 are collectively referred to as the "Individual Defendants."

16.    Non-Party NextPlat provides mobile satellite services (MSS) solutions for satellite-enabled voice, data, personnel and asset tracking, machine-to-machine, and Internet of Things (IoT) connectivity services in Europe, North America, South America, the Asia & Pacific, and Africa.

17.    Non-Party Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.  This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have.  The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

19.    Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the OTC Markets which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

21.     Defendant Progressive Care operates as a healthcare services and technology company in South Florida. The Company provides prescription pharmaceuticals; COVID-19 related diagnostics and vaccinations; compounded medications; tele-pharmacy services; anti-retroviral medications; medication therapy management; and medication adherence packaging and contracted pharmacy services.

22.     The Company's most recent financial performance press release, revealing financial results from the quarter preceding the announcement of the Proposed Transaction, indicated sustained and solid financial growth.  For example, in the November 14, 2023, press release announcing its 2023 Q3 financial results, the Company highlighted such milestones as: Total revenues increased by approximately $2.2 million, or 22%, to approximately $12.4 million during the three months ended September 30, 2023, compared to approximately $10.1 million in the prior year period; Prescription revenue, net of PBM fees, increased by approximately $1.1 million, or 13%, to approximately $9.9 million during the third quarter of 2023, compared to approximately $8.8 million in the prior year period; and Gross profit margin increased to approximately 31% from approximately 21% reported in the third quarter of 2022.

23.     Speaking on these positive results, CEO Defendant Fernandez commented on the Company's positive financial results as follows, "Our continued growth across our business

combined with the rollout of new consumer services at our PharmcoRx pharmacies later this year, gives our team confidence in the growth potential of Progressive Care. Supported by a solid financial foundation, we continue to execute on our strategic plan and look forward to further capitalizing on the value we can deliver to patients, providers, and our shareholders."

24.     These positive results are not an anomaly, but rather, are indicative of a trend of continued financial success and future potential success by Progressive Care.  Clearly, based upon these positive financial results and outlook, the Company is likely to have future success.

25.     Despite this upward trajectory, the Individual Defendants have caused Progressive to enter the Proposed Transaction without providing requisite information to Company stockholders such as Plaintiff.

***The Flawed Sales Process***

26.     As detailed in the Registration Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants and was designed with only one concern in mind – to effectuate a sale of the Company.

27.     The Registration Statement fails to disclose why the Board decided to commit to Defendant Fernandez's merger with NextPlat given the obvious conflicts of interest due to his roles as CEO of both the Company and NextPlat.

28.     The Registration Statement fails to disclose why the Board did not initiate a market check to search out any strategic alternatives to the Proposed Transaction.

29.     The Registration Statement fails to disclose the Board's reason for failing to require a Majority-of-the-Minority provision given the controlling interest of NextPlat and Fernandez including the fact that Fernandez is CEO and sits on the board of both companies.

30.     The Registration Statement fails to disclose the full scope of power granted to the Special Committee regarding the negotiation and entrance into the Proposed Transaction.

31.     The Registration Statement fails to disclose why the Board determined there to be no conflict of interest by Steen being hired to perform valuation analyses for NextPlat and the Company.

32.     Moreover, the Registration Statement fails to disclose the compensation Steen received for (i) its engagement by NextPlat; and (ii) its engagement by Progressive Care. The Registration Statement also fails to disclose whether any of Steen's compensation from Progressive Care or NextPlat is conditioned on the consummation of the merger.

33.     The Registration Statement is silent as to the nature of the confidentiality agreement entered into between the Company and NextPlat, whether this agreement differed from any other agreement with potentially interested third parties not specifically mentioned by the Registration Statement, if so in all specific manners, including all specific terms of any such included "don't-ask, don't-waive" provisions or standstill provisions contained therein, including, all specific conditions, if any, under which such provisions would fall away.

34.     Finally, the Registration Statement fails to provide adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction.

35.     It is not surprising, given this background to the overall sales process, that it was conducted in an inappropriate and misleading manner.

*The Proposed Transaction*

36.     On April 12, 2024, Progressive Care and NextPlat issued a press release

announcing the Proposed Transaction.  The press release stated, in relevant part:

> COCONUT GROVE, Fla. and MIAMI, April 12, 2024 /PRNewswire/ -- NextPlat
> Corp (NASDAQ: NXPL, NXPLW) ("NextPlat" or the "Company"), a global e-
> Commerce provider, today announced that it has entered into a definitive business
> combination agreement with its majority owned subsidiary, Progressive Care
> Inc. (OTCQB: RXMD) ("Progressive Care").
>
> The definitive business combination agreement was negotiated by the special
> committees of independent directors of NextPlat and Progressive Care's respective
> Boards of Directors. Under the terms of the business combination agreement, a
> wholly owned subsidiary of NextPlat (the "Merger Sub") will merge with and into
> Progressive Care, with the Merger Sub surviving as a wholly owned subsidiary of
> NextPlat and be renamed Progressive Care LLC. Upon closing the merger,
> Progressive Care shareholders will receive newly issued, registered shares of
> NextPlat's Common Stock. The exchange ratio of NextPlat shares to be issued in
> the business combination, not subject to adjustment, was calculated based upon a
> 20-day, volume-weighted average price ("VWAP") of NextPlat's Common Stock
> preceding execution of the business combination agreement and a value per share
> of Common Stock of Progressive Care at $2.20. The exchange ratio was determined
> at a price per Common Share of Progressive Care above its 20-day VWAP on the
> date of execution and follows a comprehensive, independent, third-party valuation
> analysis conducted at the request of Progressive Care's special committee of
> independent directors. The transaction has been unanimously approved by the
> Board of Directors of both NextPlat and Progressive Care. It is expected to close in
> the third quarter of 2024, subject to regulatory and stockholder approvals, and other
> customary closing conditions. Additional information may be found in the Current
> Reports on Form 8-K that will be subsequently filed by NextPlat and Progressive
> Care with the U.S. Securities and Exchange Commission.
>
> "Over the past two years, our team has worked to better position Progressive Care
> for continued growth and success, the results of which can clearly been seen in its
> strong fiscal 2023 results. In consultation with the Board, we believe that the long-
> term value of Progressive Care can best be realized through a combination with
> NextPlat, thereby making it a wholly owned subsidiary. As a result of this business
> combination, we expect to quickly realize an array of valuable synergies from
> additional top-line growth to improved bottom-line profitability. These benefits
> include the ability to expand Progressive Care's consumer offerings with new OTC
> products such as our soon-to-be-launched Florida Sunshine brand of premium-
> grade vitamins and dietary supplements, and significant combined annual cost
> reductions resulting from the elimination of complexities and redundant public
> company legal and accounting expenses," said Charles M. Fernandez, Executive

Chairman and CEO of NextPlat Corp. "Progressive Care's continued success provides us with great confidence it is ability to contribute positively to the value of NextPlat as we seek to further expand our access into the large personalized healthcare services marketplace."

Through a series of strategic investments in Progressive Care totalling more than $10 million conducted since August 2022, NextPlat, its Chairman and CEO, Charles M. Fernandez, board member, Rodney Barreto, and other investors, have led a successful recapitalization of Progressive Care designed to support its continued rapid growth. Effective as of July 1, 2023, NextPlat, Messrs. Fernandez and Barreto collectively owned approximately 53% of Progressive Care's voting common stock, representing a controlling interest in Progressive Care, making it a consolidated subsidiary of the Company for accounting purposes.

### *Potential Conflicts of Interest*

37.     The breakdown of the benefits of the deal indicates that Progressive Care insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders such as Plaintiff. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public stockholder of Progressive Care.

38.     Additionally, Company insiders currently own large amounts of company shares, all of which will be exchanged for the merger consideration upon the consummation of the Proposed Transaction, not shared amongst Plaintiff and other public stockholders of the Company as follows:

| Name and Address of Beneficial Owner | Common Stock Owned Beneficially | Percent of Class | Series B Preferred Stock Owned Beneficially | Percent of Class |
|---|---|---|---|---|
| *Directors and Named Officers:* | | | | |
| Charles M. Fernandez, Chairman of the Board of Directors and Chief Executive Officer (1) | 637,648 | 10.0% | — | — |
| Rodney Barreto, Vice Chairman of the Board of Directors (2) | 540,309 | 8.5% | — | — |
| Cecile Munnik, Chief Financial Officer (3) | 30,000 | * | — | — |
| Pamela Roberts, PharmD, Chief Operating Officers | 3,522 | * | — | — |
| Jervis Bennett Hough, Director | 42,957 | * | — | — |
| Joseph Ziegler, Director | 48,049 | * | — | — |
| Pedro Rodriguez, M.D., Director | 31,667 | * | — | — |
| Elizabeth Alcaine, Director | 8,897 | * | — | — |
| Anthony Almas, Director | 8,897 | * | — | — |

| | | | | |
|---|---|---|---|---|
| **All directors and officers as a group (9 persons)** | 1,351,946 | 20.6% | — | — |
| *Greater than 5% Stockholders:* | | | | |
| NextPlat Corp. (4) | | | | |
| 3250 Mary St., Suite 410, Coconut Grove, FL 33133 | 4,703,520 | 60.9% | 3,000 | 100% |
| Dawson James Securities, Inc. (5) | | | | |
| 1515 N. Federal Hwy., Suite 300, Boca Raton, FL 33432 | 471,500 | 7.0% | — | — |
| Sixth Borough Capital Fund, L.P. (6) | | | | |
| 1515 N. Federal Highway, Suite 300, Boca Raton, FL 33432 | 474,741 | 7.4% | — | — |
| Armen Karapetyan (7) | | | | |
| 3742 NE 208th ST, Aventura, FL 33180 | 350,846 | 5.6% | — | — |

39.     The Registration Statement also fails to adequately disclose communications regarding post-transaction employment, if any, which took place during the negotiation of the underlying transaction. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

40.     This information is necessary for Plaintiff to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

41.     Thus, while the Proposed Transaction is not in the best interests of Progressive Care, Plaintiff, or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

***The Materially Misleading and/or Incomplete Registration Statement***

42.     The Progressive Care Board caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the Exchange Act, fails to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up
to the Proposed Transaction*

43.    The Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction, as follows:

a.    Why the Board decided to commit to Defendant Fernandez's merger with NextPlat given the obvious conflicts of interest due to his roles as CEO of both the Company and NextPlat;

b.    Why the Board did not initiate a market check to search out any strategic alternatives to the Proposed Transaction;

c.    The Board's reason for failing to require a Majority-of-the-Minority provision given the controlling interest of NextPlat and Fernandez including the fact that Fernandez is CEO and sits on the board of both companies;

d.    The full scope of power granted to the Special Committee regarding the negotiation and entrance into the Proposed Transaction;

e.    Why the Board determined there to be no conflict of interest by Steen being hired to perform valuation analyses for NextPlat and the Company;

f.    The compensation Steen received for (i) its engagement by NextPlat; and (ii) its engagement by Progressive Care. The Registration Statement also fails to disclose whether any of Steen's compensation from Progressive Care or NextPlat is conditioned on the consummation of the merger;

g.      Whether the confidentiality agreements entered into by the Company with NextPlat differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

h.      All specific conditions under which any standstill provision contained in any confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including NextPlat, would fall away; and

i.      Complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction.

_Omissions and/or Material Misrepresentations Concerning Progressive Care and NextPlat Financial Projections_

44.     The Registration Statement fails to disclose management-prepared financial projections for the Company and NextPlat.

45.     Notably, the Registration Statement reveals that as part of its analysis, Steen considered, "the nature, history, and outlook of the business.

46.     The Registration Statement should have, but fails to provide, certain information in the projections that Progressive Care management may have provided to the Board and Steen. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects."  _In re Netsmart Techs., Inc. S'holders Litig_., 924 A.2d 171, 201-203 (Del. Ch. 2007).

47.     This information is necessary to provide the Plaintiff, in his capacity as a Company stockholder, with a complete and accurate picture of the sales process and its fairness.  Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

48.     Without accurate projection data for Progressive Care, NextPlat, and the Combined Company being presented in the Registration Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of the exchange ratio, or make an informed decision whether to vote in favor of the Proposed Transaction.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Valuation Report by Steen*

49.     In the Registration Statement, Steen describes its Valuation Report and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations, or evaluate the Valuation Report.

50.     With respect to the *Estimated Cash Flow Analysis*, the Registration Statement fails to disclose:

    a.   The inputs, metrics, and assumptions used to determine the Company's projected EBITDA;

    b.   The inputs, metrics, and assumptions used to determine the Company's Change in Working Capital; and

    c.   The inputs, metrics, and assumptions used to determine the Long-Term Growth Rate of 3.0% utilized.

51.     With respect to the *Discounted Future Cash Flow Analysis*, the Registration Statement fails to disclose:

    a.  The inputs, metrics, and assumptions used to determine the Company's discounted cash flows utilized;

    b.  The inputs, metrics, and assumptions used to determine the Company's terminal value utilized;

    c.  The inputs, metrics, and assumptions used to determine the Company's present value of net operating losses utilized;

    d.  The inputs, metrics, and assumptions used to determine the Company's enterprise value utilized;

    e.  The inputs, metrics, and assumptions used to determine the Company's preferred preference utilized; and

    f.  The inputs, metrics, and assumptions used to determine the Company's debt utilized.

52.     With respect to the *Market Approach: Guideline Public Company Method,* the Registration Statement fails to disclose:

    a.  The specific metrics observed for each comparable company; and

    b.  The inputs, metrics and assumptions used to determine the Enterprise Value to Revenue Multiple of 0.23x for the trailing 12-month revenues;

    c.  The inputs, metrics and assumptions used to determine the Enterprise Value to Revenue Multiple of 0.26x for the forward 12-month revenues;

    d.  The inputs, metrics and assumptions used to determine the Enterprise Value to EBITDA Multiples Range of 7.5x to 8.4x for the trailing 12-month EBITDA;

and

    e.   The inputs, metrics and assumptions used to determine the Enterprise Value to EBITDA Multiples Range of 12.8x to 14.3x for the forward 12-month EBITDA.

53.    These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

54.    Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the Valuation Report and the Board's determination that the Proposed Transaction is in his best interests as a public Progressive Care stockholder.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

### Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

55.    Plaintiff repeats all previous allegations as if set forth in full herein.

56.    Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

57.    Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection

of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title.

58.     As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

59.     The Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

60.     The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

61.     The Individual Defendants were at least negligent in filing a Registration Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

62.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transaction.

**SECOND COUNT**

**Violations of Section 20(a) of the Exchange Act**

**(Against all Individual Defendants)**

63.     Plaintiff repeats all previous allegations as if set forth in full herein.

64.     The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

65.     The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

66.     The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Progressive Care's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information

available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading.  As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

67.    The Individual Defendants acted as controlling persons of Progressive Care within the meaning of Section 20(a) of the Exchange Act.  By reason of their position with the Company, the Individual Defendants had the power and authority to cause Progressive Care to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Progressive Care and all of its employees.  As alleged above, Progressive Care is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A.    Enjoining the Proposed Transaction;

B.    In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: July 1, 2024                                **BRODSKY & SMITH**

By: *Evan J. Smith*
Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone:  (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*